1

**SEYFARTH SHAW LLP**
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
2029 Century Park E, Suite 3500
Los Angeles, CA 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Ashley N. Arnett (SBN 305162)
aarnett@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, CA 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| MICHAEL YDIGORAS,<br><br>           Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br><br><br>           Defendant. | Case No. **'25 CV 1394 RBM MMP**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(San Diego County Superior Court Case No. 24CU026610N)<br><br>Complaint Filed: December 4, 2024<br>Complaint Amended: May 2, 2025 |

22

23

24

25

26

27

28

317716197v.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant Costco Wholesale Corporation ("Defendant") hereby removes the above-referenced action filed by Plaintiff Michael Ydigoras ("Plaintiff") (collectively the "Parties") in the Superior Court of the State of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of this Action. Defendant states that removal of the Action is timely and proper for the reasons set forth below.

### BACKGROUND

1.      This removal involves a lawsuit that Plaintiff filed on December 4, 2024 in the Superior Court of the State of California for the County of San Diego ("Superior Court"), entitled *Michael Ydigoras v. Costco Wholesale Corporation*, *et al.*, Case No. 24CU026610N (the "Action"). *See* Declaration of Ashley N. Arnett ("Arnett Decl."), at ¶ 2.

2.      Plaintiff's initial complaint asserted the following three claims: (1) "intentional tort of infliction of emotional distress," (2) "discrimination of protected status of disability, sexual orientation, and marriage," and (3) "retaliation consisting of harassment, intimidation, elder abuse, and defamation." *See* Arnett Decl. at ¶ 2, Ex. A.

3.      On January 28, 2025, Defendant filed a demurrer to Plaintiff's initial complaint on the basis that the complaint lacked sufficient factual allegations (Cal. Civ. Proc. Code § 430.10(e)) and certainty (Cal. Civ. Proc. Code § 430.10(f)) to establish an entitlement to relief with respect to any of the claims asserted. *See* Arnett Decl. at ¶ 3. On April 18, 2025, the Superior Court sustained Defendant's demurrer in its entirety with leave to amend. *See id.*, Ex. B.

4.      On May 2, 2025, Plaintiff filed his First Amended Complaint ("FAC"). *See* Arnett Decl. at ¶ 4, Ex. C. The FAC only asserts two brand new claims for relief against

Defendant: (1) violation of Title III of the Americans with Disabilities Act ("ADA")—42 U.S.C. §§ 12182, *et seq.*, and (2) negligence.  *See id.*, Ex. C at 1.

## TIMELINESS OF REMOVAL

5.    Plaintiff served Defendant with the FAC on May 2, 2025.  *See* Arnett Decl. at ¶ 5.

6.    As such, this Notice of Removal is timely, as it is filed within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3).

## GROUNDS FOR REMOVAL

7.    This Court has original jurisdiction over actions involving one or more federal questions.  *See* 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States).

8.    Plaintiff's FAC seeks remedies under Title III of the ADA, a federal statute codified at 42 U.S.C. §§ 12181, *et seq.*  *See* Arnett Decl. at ¶ 4, Ex. C.  Thus, this Action presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

9.    Plaintiff's remaining state law claim for negligence is part of the same case or controversy, and this Court may and should exercise supplementary jurisdiction over Plaintiff's negligence claim pursuant to 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (finding that supplemental jurisdiction is appropriate where the claims arise from the same "common nucleus of operative fact.").

10.    Plaintiff's state law claim for negligence is based on the same factual allegations as his claim under Title III of the ADA.  *See* Arnett Decl. at ¶ 4, Ex. C. Specifically, Plaintiff claims in the FAC that he was denied a reasonable accommodation for his alleged disability at Defendant's warehouse in San Diego County in violation of Title III of the ADA.  *See id.* at p. 3.  Plaintiff further claims that these actions were

negligent because Defendant owed him a duty of care (established by Title III of the ADA) and that Defendant breach that duty when it denied Plaintiff's alleged request for a reasonable accommodation. *Id.* at pp. 3-4.

11.    Accordingly, this Court has supplemental jurisdiction over Plaintiff's negligence claim as it arises from and relates to the same facts alleged in support of Plaintiff's claim under Title III of the ADA, and is so related that it forms part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).[1]

## VENUE

12.    Venue lies in the United States District Court for the Southern District of California in accordance with 28 U.S.C. §§ 84(d) and 1391. This action was originally brought in the Superior Court of the State of California for the County of San Diego, which is located within the Southern District of the State of California, and alleges that all of the conduct at issue in the Action occurred in the County of San Diego.

## NOTICE OF REMOVAL

13.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

14.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant, including the summons and FAC, are attached as Exhibits A-C to the Declaration of Ashley N. Arnett.

15.    As required by 28 U.S.C. § 1446(a), the undersigned, as counsel for Defendant, has read the foregoing and signs this Notice of Removal pursuant to Federal Rule of Civil Procedure 11.

---

[1] To the extent Plaintiff has raised any other claims in his FAC, such as under the Business and Professions Code § 4000 (Arnett Decl. ¶4, Ex. C at 11), these claims also arise from the same facts alleged in support of Plaintiff's claim under Title III of the ADA (an alleged denial of service at Defendant's warehouse in San Diego County), and are so related that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

WHEREFORE, Defendant prays that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

DATED: June 2, 2025                              SEYFARTH SHAW LLP


By: *s/ Ashley N. Arnett*
    Laura Wilson Shelby
    Ashley N. Arnett

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
E-mail: aarnett@seyfarth.com

---

4

317716197v.1