# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL YDIGORAS,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No.: 3:25-cv-01394-RBM-MMP<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Doc. 3]** |

 Pending before the Court is Defendant Costco Wholesale Corporation's ("Defendant" or "Costco") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 3.) *Pro se* Plaintiff Michael Ydigoras ("Plaintiff") filed an Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition") (Doc. 4), and Defendant filed a Reply to Plaintiff's Opposition to Motion to Dismiss Plaintiff's First Amended Complaint ("Reply"). (Doc. 5.)

 The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the filings above, and for the reasons below, Defendant's Motion to Dismiss (Doc. 3) is **<u>GRANTED</u>**.

1

## I. BACKGROUND[1]

Plaintiff's Amended Complaint for Damages ("Complaint") (Doc. 1-2 at 53–65)[2] "consist[s] of two causes of action: 1) Negligence and 2) Discrimination," both "asserted under [Title III of] the Americans with Disabilities Act" ("ADA"). (Doc. 1-2 at 53.)[3]

Plaintiff is a "Senior over 65 (years of age), (and a) permanently disabled individual under State and Federal definitions of Disability." (*Id.* at 54.) Plaintiff visited Defendant's warehouse in Carlsbad, California on or about September 6, 2024, where he was denied service by one of Defendant's employees and subjected to stalking and intimidation by another of Defendant's employees. (*Id.*) Plaintiff reported a "near assault of [his] person" by Defendant's employees to local law enforcement. (*Id.*)

Plaintiff submitted an ADA Reasonable Modification of Procedure Request ("ADA Request") on September 11, 2024. (*Id.* at 54–55.) Through the ADA Request, Plaintiff sought only to discuss his denial of service and subsequent stalking and intimidation. (*Id.*

---

[1] The factual summary in this section reflects Plaintiff's allegations, not conclusions of fact or law by this Court. Well-pled factual allegations are accepted as true for purposes of the Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court cites the CM/ECF electronic pagination for all filings unless otherwise noted. The Complaint is duplicated at Doc. 1-2 at 33–45, but the Court will not cite to those pages in this Order. The Court also notes that Defendant removed this case to federal court after Plaintiff filed an amended complaint in state court. (*See infra* Section III.A.)

[3] Plaintiff also refers to Titles I and II of the ADA. (Doc. 1-2 at 57.) "The ADA has three separate titles: Title I covers employment discrimination, Title II covers discrimination by government entities, and Title III covers discrimination by places of public accommodation." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 691–92 (2001) (Scalia, J., dissenting). Because Plaintiff's claims are not rooted in employment discrimination or discrimination by a government entity, the Court discusses only Title III. *See also Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 964 (9th Cir. 2019) ("The ADA does not make [the] 'interactive process' requirement applicable to public accommodations. . . . Title III and its implementing regulations make no mention of an 'interactive process' that mirrors the process required in the employment context.").

at 54.) Plaintiff explained to the Costco Assistant Vice President of San Diego Region District 1 that he was making the ADA Request out of "medical necessity." (*Id.* at 55.) Plaintiff was told that the Carlsbad general manager, Lisa, would have a discussion with him. (*Id.*) But that discussion never happened. (*Id.*) When Plaintiff followed up with Defendant over email in October 2024, Defendant represented that it believed Plaintiff had already had a discussion with Lisa. (*Id.* at 59–60.) After Plaintiff clarified that this was not the case, Defendant represented that "more recent communications had been escalated to senior management instead of [to Lisa]." (*Id.* at 60.)

A month later, in November 2024, Defendant still had not engaged in discussions with Plaintiff regarding his ADA Request. (*Id.* at 62.) And on November 27, 2024, Defendant cancelled "Plaintiff's membership and membership of Plaintiff's same sex spouse, barring both for life." (*Id.*) As recently as April 2025, Plaintiff was denied entry to Costco Pharmacy when he attempted to "pick up prescription for his ADA therapy animal." (*Id.* at 63.)[4]

## II.  LEGAL STANDARDS

### A.  Judicial Notice

The Court may consider documents beyond the pleadings on a motion to dismiss under Rule 12(b)(6) through "judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are either: (1) "generally known within the trial court's territorial jurisdiction;" or (2) "can be accurately and readily determined from sources whose accuracy cannot

---

[4] In his Opposition (Doc. 4) and his Declaration (Doc. 6) that the Court liberally construes to be in support of his Opposition, Plaintiff alleges several new facts and includes an exhibit from his doctor. These new allegations do not appear in the Complaint, and the Court does not consider them in this Order. *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (noting "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citation omitted).

reasonably be questioned." Fed. R. Evid. 201(a)–(b).

**B.     Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under [Rule] 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (internal citation omitted). An action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court liberally construes a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.     DISCUSSION

The Complaint asserts two causes of action: (1) negligence and (2) disability discrimination under Title III of the ADA. (Doc. 1-2 at 53.) Liberally construed, the Complaint may also assert causes of action for retaliation under the ADA[5] and disability

---

[5] Plaintiff "asserts Costco's actions were retaliatory for exercising [his] right to submit ADA Reasonable Modification Request to discuss a curtailment of the retaliatory behavior in 2024." (Doc. 1-2 at 62.) And although it is couched in a discussion of his spouse's obligation as a nurse to report elder abuse, Plaintiff also cites to 42 U.S.C. § 12203, which prohibits retaliation against an individual who opposed an act made unlawful by the ADA. (*Id.* at 58.) Construing the Complaint liberally, the Court considers Plaintiff to bring a claim for retaliation under the ADA.

discrimination under the Unruh Civil Rights Act ("the Unruh Act").[6] The Court dismisses all claims[7] with leave to amend.

### A.  Request for Judicial Notice

Defendant requests that the Court take judicial notice of Plaintiff's "initial complaint filed in the Superior Court for the State of California, County of San Diego, Case No. 24CU026610N, on December 4, 2024" and the "April 18, 2025 order sustaining Defendant's demurrer to Plaintiff's initial complaint." (Doc. 3-2 at 2.) Plaintiff does not oppose. As the document is not subject to reasonable dispute, the Court **GRANTS** Defendant's request for judicial notice. *See In re Bozic*, 888 F.3d 1048, 1051 n.1 (9th Cir. 2018) (taking judicial notice of minute orders from other cases) (citing *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) ("stating that a court may take judicial notice of court records in another case")).

### B.  ADA Discrimination Claim (Count Two)

"Title III of the ADA prohibits discrimination by public accommodations." *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1009 (9th Cir. 2017) (citation omitted). Section 12182 "begins with a 'General rule' in subsection (a):

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

---

[6] Plaintiff notes: "the Unruh Civil Rights Act in California . . . prohibits businesses from discrimination based on certain protected characteristics, including age, ancestry, color, disability, national origin, race, religion, sex, and sexual orientation." (Doc. 1-2 at 57.) The Court thus considers Plaintiff to bring a claim under the Unruh Act.

[7] Plaintiff also alleges that he was "denied entry to Costco Pharmacy in violation of CA Business and Professional Code BPC 4000." (Doc. 1-2 at 63.) That statute authorizes regulation of the pharmacy industry in California. *See* Cal. Bus. & Prof. Code § 4000. Thus, even liberally construed, Plaintiff's single allegation here does not plausibly bring a claim under this statute.

*Id.* (quoting 42 U.S.C. § 12182(a)).

For purposes of subsection (a), and relevant to the allegations in the Complaint, discrimination includes:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

§ 12182(b)(2)(A)(ii).

Plaintiff claims that Defendant "reneged on the agreed upon [ADA Request] to have Carlsbad Costco General Manager, Lisa have discussion with Plaintiff." (Doc. 1-2 at 56.) Plaintiff also cites to 28 C.F.R. § 36.302, which states that "[a] public accommodation shall make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." (*Id.* (citing 28 C.F.R. § 36.302).) Therefore, the Court construes Plaintiff's ADA discrimination claim to arise under 42 U.S.C. § 12182(b)(2)(A)(ii).

To succeed on a claim under that statutory provision, Plaintiff must show that:

> (1) he is disabled as that term is defined by the ADA; (2) [Defendant] is a private entity that owns, leases, or operates a place of public accommodation; (3) [Defendant] employed a discriminatory policy or practice; and (4) [Defendant] discriminated against [Plaintiff] based upon [Plaintiff's] disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate [Plaintiff's] disability.

*Karczewski*, 862 F.3d at 1010 (citation omitted).

Defendant argues that Plaintiff's claim must be dismissed because he fails to allege facts sufficient to establish: (1) Plaintiff is disabled; (2) Defendant employs a discriminatory policy or practice; and (3) Plaintiff's request for modification was both reasonable and necessary. (Doc. 3-1 at 10.) The Court discusses each argument in turn.

### 1. Disability

Under the ADA, a "qualifying individual with a disability is a person that suffers from [an] impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment." *Caputo v. City of San Diego Police Dep't*, Case No.: 16-cv-00943-AJB-BLM, 2018 WL 4092010, at *8 (S.D. Cal. Aug. 28, 2018) (citing 42 U.S.C. §§ 12102(1)(A)–(C)). Defendant argues that Plaintiff's claim must be dismissed because it contains only the type of "vague, conclusory allegations" that "are insufficient to state a claim for disability discrimination under the ADA." (Doc. 3-1 at 10.) Plaintiff argues that he "is permanently disabled under both Federal and State definitions with multiple chronic and life-threatening conditions," and that "Title III of the ADA does not require individuals to disclose the specific details of their disabilities to access public accommodations." (Doc. 4 at 3.) The Complaint does not sufficiently address Plaintiff's status as a qualifying individual with a disability.

Plaintiff states that he is a "Senior over 65 (years of age), (and a) permanently disabled individual under State and Federal definitions of Disability." (Doc. 1-2 at 54.) He also alleges "damages . . . identified as including emotional distress and the onset of stress induced auto immune dysfunction with Elias score of 43 when anything above 25 is precursor to organ damage, several occurrences of painful stress induced shingles, with radiating facial pain and episodes of stress induced dysarthria." (*Id*. at 56.) Plaintiff also filed two letters from his medical provider in his Declaration (Doc. 6 at 4–5) and alleges additional facts regarding his use of a cane in his Opposition (Doc. 4 at 4), but the Court does not consider these facts in this Order. (*See supra* n.4.)

"Ultimately, these assertions are insufficient as they do not contain any clear allegations about Plaintiff's alleged impairment, major life activities that are substantially limited, records of disability, or being regarded as having such an impairment." *Caputo*, 2018 WL 4092010, at *8; *see also Roughgarden v. YottaMark, Inc.*, No. 5:10-CV-04098 JF (PSG), 2011 WL 856279, at *4 (N.D. Cal. Mar. 9, 2011) (holding that although a "reference [to a previous back surgery] may suggest an impairment, [the plaintiff] does not

allege that such impairment limited his ability to participate in a major life activity"); *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (noting the court "cannot assess whether [the plaintiff] has a [disability] . . . because she does not provide any details regarding her alleged disability," stating only that "she is a disabled veteran receiving a disability, which qualified her for her federally subsidized assistance program Section 8"); *Jones v. Nat'l R.R. Passenger Corp.*, Case No. 15-cv-02726-MEJ, 2016 WL 4538367, at *2 (N.D. Cal. Aug. 31, 2016) (collecting cases). If Plaintiff files an amended complaint, he must sufficiently plead the threshold issue in his disability discrimination claim: that he is disabled within the meaning of 42 U.S.C. §§ 12102(1)(A)–(C).

### 2. Discriminatory Policy or Practice

Defendant argues that "Plaintiff fails to identify *any* policy, practice, or procedure that is allegedly discriminatory," and that even if he had, "a person's singular experience on one occasion does not establish a policy, practice, or procedure." (Doc. 3-1 at 11 (citing *Disabled Rights Action Comm. v. Fremont St. Experience L.L.C.*, 44 F. App'x 100, 103 (9th Cir. 2002); *Fernandez v. O'Reilly Auto Enters., LLC*, Case No. 2:19-cv-05464-ODW (KSx), 2021 WL 3403742, at *3 (C.D. Cal. Aug. 3, 2021); *Fernandez v. Fisher*, Case No. 2:19-cv-06036-SB-JEM, 2021 WL 718296, at *3 (C.D. Cal. Feb. 24, 2021).)

The cases cited by Defendant do not stand for the proposition that a person's singular experience can *never* give rise to a discriminatory policy or practice claim. The court in *O'Reilly* found that the plaintiff's isolated encounters with allegedly discriminatory actions did not establish a discriminatory policy, in part because the court had held a bench trial and credited the defendant's testimony to the contrary. 2021 WL 3403742, at *3. The same is true in *Fisher*. 2021 WL 718296, at *2. And in *Disabled Rights Action Committee*, the court noted that "a lone violation does not establish a pattern or practice on the part of [the defendant]," but also that the court could have issued an injunction to remedy the lone violation. 44 F. App'x at 103. Ultimately, the court found the issue moot. *Id.* Therefore, the Court does not find that Plaintiff's claim fails because it is an isolated incident.

The Court does find, however, that Plaintiff's claim does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff does not allege that Defendant has a discriminatory policy, written or otherwise. It is also unclear whether Plaintiff alleges that Defendant engaged in a discriminatory practice by refusing him service and stalking him on or about September 6, 2024, or by refusing to engage with him in a conversation about his ADA Request. Either way, the allegations do not show how any of these actions discriminated on the basis of Plaintiff's disability. *See Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that even "a liberal interpretation" of a complaint "may not supply essential elements of the claim that were not initially pled").

### 3. Reasonable and Necessary Modification

A modification is "necessary" when failure to provide it would prevent a disabled customer from having "a like experience" as a non-disabled customer. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012). "[W]hether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004) (citation omitted).

Defendant argues that Plaintiff has not "addressed in any way how the alleged failure to provide the requested modification deprived him from having a 'like experience' akin to that of other Costco members." (Doc. 3-1 at 13.) Plaintiff does not respond specifically to this point. Rather, he argues that Defendant has mischaracterized both the timeline of events and the nature of his ADA Request. (Doc. 4 at 2–3.) Plaintiff clarifies that "[t]he nature of the ADA Request was for clarification of the untoward actions of Costco workers upon the Plaintiff." (*Id.* at 3.)

The Court finds that Plaintiff has not alleged facts sufficient to show that his requested modification was necessary. Plaintiff has alleged no facts showing that Defendant's allegedly discriminatory actions were taken "on the basis of" Plaintiff's

disability. 42 U.S.C. § 12182(a). Plaintiff alleges that he was refused service by one Costco employee and followed and intimidated by another Costco employee. (Doc. 1-2 at 54–55.) He alleges that his ADA Request—made to clarify the reasons that these actions were taken against him—was ignored by several other Costco employees. (*Id.* at 59–60.) It is unclear what disability Plaintiff has, how Defendant discriminated against Plaintiff on the basis of such disability, or how a discussion clarifying the actions taken by Defendant's employees on or about September 6, 2024 would be necessary to accommodate such disability. Therefore, the Court finds that Plaintiff has not sufficiently pled that a conversation with the Costco Carlsbad manager was necessary for him to have "a like experience" as a non-disabled customer. In light of this finding, the Court does not reach the reasonableness question. Accordingly, Count Two is **DISMISSED with leave to amend**.

### C. Negligence Claim (Count One)

Plaintiff alleges that Defendant "had a responsibility to act with reasonable care in compliance with the reasonable accommodation process established in the [ADA]." (Doc. 1-2 at 55.) Defendant correctly notes that "the ADA does not create a duty of care giving rise to a negligence claim." (Doc. 3-1 at 13–14 (citing *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020) ("Plaintiff provides no authority, nor is the Court aware of any, to show that Congress enacted the ADA as a separate duty of care to give rise to an independent negligence claim under state laws."); *Jones v. Nat'l R.R. Passenger Corp.*, Case No. 15-cv-02726-TSH, 2023 WL 6450528, at *4 (N.D. Cal. Oct. 2, 2023) ("Plaintiff's reliance on the ADA is misplaced here, as courts have declined to find that the ADA is a statute establishing a duty of care to maintain an independent negligence claim") (collecting cases).) Thus, Plaintiff has not established a duty of care to maintain an action for negligence. Count One is **DISMISSED with leave to amend** for Plaintiff to allege facts that plausibly show Defendant owed him an independent duty of care.

#### D. ADA Retaliation Claim

Plaintiff may intend to bring a claim for retaliation under the ADA. (*See supra* n.5.) As Defendant correctly notes, "there can be no retaliation . . . claim without an underlying ADA discrimination claim." (Doc. 3-1 at 14 (citing *Estavillo v. Cortese*, Case No. 23-cv-04032-VKD, 2024 WL 2808651, at *4 (N.D. Cal. May 30, 2024) (holding that "the complaint does not allege sufficient facts establishing a claim of discrimination under the ADA, which is 'the predicate for any claim of retaliation'" under the ADA) (quoting *McColm v. San Francisco Hous. Auth.*, No. C 02-5810 PJH, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015) ("[B]ecause plaintiff cannot allege a claim of discrimination under the ADA . . . , which constitutes the predicate for any claim of retaliation . . . , she also cannot assert a claim of retaliation" under 42 U.S.C. § 12203.).) Plaintiff's retaliation claim, like his ADA claim, is **DISMISSED with leave to amend**.

#### E. Unruh Civil Rights Act Claim

The Unruh Act provides: "All persons within the jurisdiction of this state . . . no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "A plaintiff can recover under the [Unruh Act] on two alternate theories: (1) a violation of the ADA[]; or (2) denial of access to a business establishment based on intentional discrimination." *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1035 (2022). Because Plaintiff has not plausibly pled a violation of the ADA, he must establish that Defendant denied him access to a business establishment based on intentional discrimination. Plaintiff has failed to do so.

The Complaint falls short of alleging the "willful, affirmative misconduct" required to state an Unruh Act claim separate from an ADA claim. *Koebke v. Bernardo Heights County Club*, 36 Cal. 4th 824, 853 (2005). As one court reasoned:

> [The plaintiff] refers to allegations that District [d]efendants knew of [the plaintiff's] disability, knew how to handle it because of the provisions of the IEP, yet threatened [the plaintiff] with police intervention. . . . The Complaint alleges that there was no justification for this treatment. The Complaint

alleges that District [d]efendants committed these acts "maliciously," "oppressively" and "in bad faith, with the wrongful intent of injuring [the plaintiff], and in conscious disregard of [the plaintiff's] rights." None of these allegations state that this conduct was undertaken to discriminate against [the plaintiff] *because of* his disabilities.

*C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1155 (E.D. Cal. 2009) (emphasis added).

Here, Plaintiff argues that "Costco was aware of Plaintiff being disabled even before the first amended complaint . . . as not only was this discussed with [Defendant], it was reiterated in declaration under penalty of perjury filed in opposition to Defendant's earlier request of demurrer in Superior Court." (Doc. 4 at 4.) Like the plaintiff in *C.B.*, Plaintiff alleges that Defendant knew he was disabled and acted in bad faith in its dealings with him. (*Id.*; Doc. 1-2 at 59–60.) And like the plaintiff in *C.B.*, Plaintiff fails to state factual allegations sufficient to show that Defendant's conduct was undertaken to discriminate against Plaintiff *because of* his disabilities. (*See supra* Section III.B.3.) Therefore, the Unruh Act claim is **DISMISSED with leave to amend**.

## IV.     CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. All claims are **DISMISSED with leave to amend**. Plaintiff may file an amended complaint in accordance with the directives above on or before **January 5, 2026**. In light of Plaintiff's previous amendment (*see* Doc. 3-2 at 10–11), Plaintiff is cautioned that if he chooses not to file an amended complaint, or if the amended complaint does not cure the pleading deficiencies, his claims may be dismissed with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

Dated: December 2, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE